GreeN, Judge,
delivered the opinion of the court:
This case presents the question of whether the United States is required to pay tolls for the movement of the mails, troops, and munitions of war over bridges constructed under the authority of Congress pursuant to the General Bridge Act of March 23, 1906, 34 Stat. 84, when the highways leading thereto are free.
The particular bridge involved crosses the Ohio River between Louisville, Kentucky, and an opposite point on the Indiana shore. It was authorized by the Act of Congress approved February 25, 1928, to be constructed in accordance with the provisions of the General Bridge Act approved March 23, 1906,. and subject to the conditions and limitations contained therein. Section 2 of that act provides:
Sec. 2. That any bridge built in accordance with the provisions of this Act shall be a lawful structure and shall be recognized and known as a post route, upon which no higher charge shall be made for the transmis-
*497 There is no railroad or street railway leading to or across the bridge referred to above, and the highway or highways leading thereto are free and no toll is charged for the use of any of them.
The bridge in suit was completed and opened to traffic on November 1, 1929, and is a toll bridge. On May 31, 1937, and again on June 5, 1937, the defendant used the highways leading to the bridge for the passage of certain troops and munitions of war and crossed it with the same. Plaintiff brings this suit to recover from the Government for the transit of troops and military equipment over the Louisville bridge the regular tolls exacted from private owners under similar circumstances. The defendant insists that by the provisions of section 2 of the General Bridge Act of 1906, above quoted, the troops and munitions of war were entitled to free transit, or use of the bridge, as the bridge was served by free public highways.
The question here presented has been decided adversely to the defendant upon identical facts by the United States Circuit Courts of Appeal for the fifth and ninth circuits in well-reasoned opinions. See United States v. Columbia River-Longview Bridge Co., 99 Fed. (2d) 287; and Gouax v. Bovay, 105 Fed. (2d) 256. Somewhat different reasons are given for the respective decisions in the two cases but there is no inconsistency. Both decisions hold in effect that section 2, quoted above, is ambiguous and that in construing it the prior administrative interpretation of the act in question as well as prior statutes should be considered. The final conclusion in effect was that the language contained in section 2 that “no higher charge shall be made * * * than the rate per mile paid for the transportation over any * * * public highway leading to said bridge,” had reference only to situations where there was a toll road leading to the *498 bridge, and to this extent we concur. We think it unnecessary to discuss the language of these opinions in support of the conclusion reached.
While the Comptroller General has refused to accept these decisions as authority, the Solicitor General has not asked for certiorari in the Columbia River-Longview Bridge case, supra. Under the construction placed on the statute in these two cases, plaintiff is entitled to recover the regular and established tolls for the use of the bridge made by the Government. These tolls amount to $56.65, for which judgment will be rendered accordingly
Williams, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.